Thank you. Mr. Sibanda, whenever you're ready. Good morning, Judge. May it please the Court. Kissinger, Sibanda, representing the appellant. Proceeding. Dr. Kissinger, Sibanda. Members of the bench, I respectfully ask that there be a stay in the enforcement of the monetary judgment for the Rule 11. And the two points I've submitted in my brief are that appellant is confident you will prevail on the Rule 11. Can I ask a preliminary question? Yes, ma'am. As I understand it, and correct me if I'm wrong, you've not filed a filing fee for the appeal, nor have you filed a motion saying that you're eligible for inform apocryphal, so for a fee waiver. Why should we even consider your substantive arguments at this time? Because, Your Honor, I did file. I filed an IFP in the lower court. And it was filed. This district court directed the lower court to entertain an IFP motion for me. And they told them on the 12th of December. And on the 13th, I requested from the judge, on the 13th of December, I sent a motion to request oral argument. You already ruled on the motion. And this is one of the things that we have, which I'm presenting to you, that the lower court judge is rushing. I was going to, is rushing to his rulings. Because this court directed him on the 12th to entertain the IFP. The next day, Your Honors, without me even submitting any affidavit or him requesting an affidavit, he denied it. So I think you should entertain it. But I thought you were telling, I thought you admitted that you actually don't qualify. You haven't filed for it in this court. Yes. Do you qualify for a fee waiver? I would qualify under certain circumstances, which I highlighted in the motion. This court said before it rules, it's going to ask the district court to rule first on the motion. But before us. And the appeal before us is separate. And you have, as far as I can tell, have not filed an affidavit indicating here that you qualify for the, for IFP treatment. That is true, Your Honors. Is that accurate? That is inaccurate to a certain degree. Because I asked for a waiver of the affidavit. I asked for a waiver for the affidavit. And my point, my position is that. What's the statutory authority for that? Pardon? What's the statutory authority? No, you have discretion. You have discretion as a court to handle anything that you want to handle. And we've done that before? Yes, you've done that. I think you do it all the time. If the court, this is Judge, I think this is Judge, I'm forgetting her name. But she said that the lower court needs to first decide on the IFP. And then they will tell me what they decide here. So moving back on my motion, if Your Honors could allow me to present my motion. And, you know, you can rule on the IFP if you want to rule on the IFP. But the stay, we are asking because we believe that the merit, the way the judge ruled the Rule 11, for one, he did not have a conference, any kind of conference on the Rule 11 motion. And he didn't have any kind of, he used evidence that was in another case, the first case that they filed against me in California. So on the merits of the Rule 11, clearly erroneous. He perverted what the standard is. He twisted it around. Instead of ruling, finding in the favor, most favorable to the signer, he ruled in the manner most favorable to them. Finding that there was bad faith in the Rule 11 when there was no bad faith. He argues, for example, that there was frivolous as to fact and frivolous as to law because a criminal claim had been pled. But as Your Honors know, the general trend in the country is that there's a civil remedy that can be, that can come with criminal claims. For example, the sexual trafficking. Rhode Island allows a person to present a criminal claim to the magistrate and that will be prosecuted. South Africa allows criminal claims by civilians, if not the whole case, to be prosecuted. So he was wrong that it was frivolous to fact and frivolous to the law. So on that one. Where is this rule? What countries are you citing for this rule? I am citing here the United States. We have a civil remedy of criminal statutes, in particular the one that got Sean Combs in trouble, the statute with the sexual trafficking. The first complaint against Sean Combs, the civilian proceeded with the criminal statute and asked for the civil remedy. So the judge said, if you put a criminal claim in a civil complaint, it's frivolous as to law. That is not correct. It is the direction of the law and the future of the law. In terms of frivolous as to facts, he's wrong again because he took facts that were not before him. On page 11 of his motion, ECF 130, he is clearly citing to emails he never even saw in his own courtroom. Emails that were exchanged between attorneys. So that is why I ask that if the panel can respectfully hold the state on the money judgment because we are confident that with the mistakes clearly erroneous made by the judge, the appellant will prevail. If you litigated anywhere, your ability to pay the sanction, that you're unable to pay the sanction. That's not true. If the second circuit had told me that we do not agree with your IFF, please pay within 10 days, I would have find a way. Even your honor, if I have to sell the last thing that I have, I will be back with the appeal and I believe the appeal will move forward. I was waiting for the district judge to give me the courtesy that he gives other people. The district judge has not even held one conference. Not even a single telephone conference on the docket on the case. And you're still waiting for a hearing before him? Pardon? He makes a ruling, $13,000 in sanctions, and you're just sitting tight rather than fighting that ruling? No, I'm not sitting tight. I wasn't sitting tight. I refiled the case. You didn't ask him for a hearing? Yes, I asked him for a hearing. And? I asked him for a hearing and that's what I explained to you. On the 12th of December, this court asked him to consider the IFP. On the 13th of December, without them even filing a reply, he already ruled. I had asked him in the morning of that 13th to have an oral hearing. He has not held a single oral hearing on this case, 05752, nor has he held a single oral hearing in 06310. What kind of judge does that? Well, judges who are authorized to do it. Not authorized by the U.S. government. Well, I mean, you know, whether or not you find that he has to manage a calendar. Managing a calendar does not go beyond giving the minimum courtesy to litigants. I'm speaking. I'm also speaking, Your Honor. Managing a calendar, and he has discretion as to when he holds a hearing on motions. Not all judges hold hearings on all motions. I agree with you, Your Honor, but one of my points is that even the initial conference, the initial conference where when they sued me in California, we would have all kinds of initial conferences and I would be in New Jersey and they would be calling me. The courtesy afforded to a litigant to say, can we hear what you have to say? Why is this like this? He doesn't want to do that. We have asked him repeatedly and he has refused. I think we have your arguments in hand. I appreciate it. Thank you. Thank you, Your Honor. We'll hear from Mr. Labate. Did I get that right? Labate. Labate. Okay. Good morning, Your Honors, and may it please the Court. My name is Angelo Labate and I'm counsel for the appellees. Just to start with clarifying the fee issue, I don't think it's accurate that the judge like immediately ruled against him and did not give appellant an opportunity to present further on the informed apocryphal motion. What happened was he denied the motion because no evidence was put forth of an inability to pay such as a statement of assets or kind of really anything beyond just a conclusory statement that appellant is unable to pay. And it was denied without prejudice to renew to give that evidence. And instead of doing so in the court below, the appellant then later that same day refiled a motion in this court with a payment plan for the fee. So I just wanted to clarify that that is what happened in the court below and we still don't have any showing in the court below demonstrating an inability to pay with actual evidence beyond just a conclusory assertion. Turning to the merits of the stay application, the stay should be denied simply because the appellant hasn't demonstrated really any of the four elements of the four part in a contest that the Supreme Court articulated. Most importantly, the likelihood of success on the merits. The opening papers and reply papers kind of make short shrift of the fact that there is a very high burden to overturn a sanctions award and the findings of fact that underpin it, which is an abusive discretion standard for the actual award and then the findings of fact are given clear error review. And really the papers kind of just say there's a likelihood of success because I think there is a likelihood of success. And some of the arguments that were just made didn't really appear in the papers, but I can address them anyway. There wasn't just a finding of bad faith to find bad faith. The order below has multiple citations to the record. I'm not sure what appellant means by saying that the e-mails didn't appear in the record or did not appear before the court. Appellant's correct that there was not an actual evidentiary hearing on the sanctions motion, but the e-mails were appended to the motion and were considered by the court and were considered as evidence and were cited. And also as for the general trends for criminal claims being allowed to be brought in the United States, that was considered by the lower court and the court found that there was no general trend. And also I think it came in by way of a Rule 28J letter, the supplemental authority showing certain criminal statutes have a civil remedy. But if you look at those statutes, the statute itself provides the civil remedy. And that wasn't the case for the criminal statute that was sued upon in this case. And actually there was clear precedent that held in the Second Circuit and throughout the country that that particular criminal statute couldn't qualify for a private right of action or a civil remedy. So with those arguments, I don't think that likelihood of success has been shown. But also there's no irreparable harm here because it's a monetary judgment. And appellant has put forth no authority showing that a monetary, paying a monetary judgment, even if there is an inability to pay, which I once again remind the Court that that hasn't an inability to pay hasn't been shown in the Court below, that that is irreparable harm. And actually there's Second Circuit authority that demonstrates that monetary judgments can't be irreparable harm, including cases that appellees have cited, including Cheney v. Vermont Bread, that demonstrate that even a sanctions award, a conclusory statement that they, the person who's been sanctioned can't pay, cannot qualify as a, as an irreparable injury. And then lastly, the public interest is in favor of enforcing awards like this pending appeal because it's a sanctions award and the courts have a broad public policy that upholds their procedural rules and also ensuring that attorneys, which even though appellant is a proceeding pro se, he is a licensed attorney, are bound by the ethical rules and obligations of an attorney. So the public interest is clearly in favor of enforcing the judgment on appeal. So on the fee issue, I don't think it's been shown that the appellant qualifies for improper status and has been given the opportunity in the Court below to prove that and he has not. And then three out of the four NACON factors favor denying the stay and enforcing the judgment. So that is mostly what I had to say, but I also can answer any questions that the panel has. Appreciate your arguments. Thank you very much. Thank you. All right. We will take that under advisement and get a ruling out.